UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DEYDEN,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD FINANCIAL SERVICES GROUP, INC.<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Jane Deyden, by way of Complaint against Defendant, Hartford Financial Services Group, Inc., alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of New Jersey, the Township of Pompton Plains, located in the County of Morris.

2. Defendant, Hartford Financial Services Group, Inc., (herein after referred to "Defendant" or "Hartford") is an insurance company organized and existing under the laws of the United States with a principal place of business in Hartford, Connecticut. Upon information and belief, Defendant, is registered and licensed to do business in the State of New Jersey.

3. Jurisdiction and venue are proper in this Court, pursuant to 29 U.S.C. §1001 *et seq.*, 28 U.S.C. §1332 *et seq.* and 28 U.S.C. §1392 *et seq.*

## ESSENTIAL FACTS

4. Plaintiff worked as a registered nurse for many years.

1

5. She loved her job and was particularly good at it. In 2017, pain associated with Plaintiff's medical condition was severely interfering with her ability to work.

6. She suffered from sciatic nerve injury with chronic intractable pain.

7. Prior to that time, she had undergone two "release" surgeries. In March 17, 2017, her pain had flared to a very high level.

8. At that point, she had been off from work and could not put pressure on her left buttock region and could not stand for any amount of time before the pain would become unbearable.

9. In April 2017, she was assessed as having chronic pain syndrome and an injury to her sciatic nerve at the hip and thigh level. She also suffered from lumbago with sciatica on the left side and sacrococcygeal disorders.

10. At that time, Plaintiff had endured extensive treatments for her chronic pain including oral medicines, acupuncture, Graston technique, ozone injection, platelet rich plasma injection, hydrodissection of the nerve using ultrasound guidance, two surgeries on her nerve, and yet she remained in pain.

11. As a result of the chronic injuries and pain, on August 29, 2017, Defendant approved Plaintiff's claim for Long Term Disability (LTD) benefits.

12. Thereafter, Plaintiff began to collect her monthly benefit from Defendant.

13. As required under Defendant's policy of insurance, Plaintiff cooperated in an application for Social Security benefits submitted to the Social Security Administration. On September 5, 2019, Plaintiff received notice of a Fully Favorable decision awarding her Social Security benefits.

14. On the very same day, September 5th, 2019, Hartford issued a letter to Plaintiff requesting that she attend an Independent Medical Examination with Dr. Daniel Rosenberg. The exam was scheduled for September 10th, 2019 at 12:00 p.m. at Premier Medical Acupuncture, 757 Route 202/206 North, Suite 104, Bridgewater, New Jersey 08807.

15. Throughout the last several years, Plaintiff had been treated by Advanced Foot Care of New Jersey, LLC. In a letter dated April 26, 2019, the podiatrists at Advanced Foot Care of New Jersey, LLC confirmed that Plaintiff continued to have chronic pain in both her feet due to fat pad atrophy and related complications.

16. The letter went on to note that Plaintiff had undergone many tests and failed in all manners of conservative measures and suffered from continued pain in her feet. The podiatrist noted that she was unable to stand more than ten minutes.

17. Less than three weeks after her examination with the "Independent" physician, Plaintiff received a letter dated September 30th, 2019 from Hartford, advising her that she no longer satisfied the definition of Disability under policy number GLT 867265 for Visiting Health Services in New Jersey, Inc., Plaintiff's former employer.

18. Defendant based its decision upon a scheduled change in the definition of Disability under the policy from a definition that awarded benefits if Plaintiff could not work in her occupation as opposed to any occupation.

19. Plaintiff vehemently denies and challenges the assumptions of Dr. Daniel S. Rosenberg, relied upon by Defendant in terminating Plaintiff's benefits.

20. In response to the termination of her disability benefits, Plaintiff exercised her rights and filed an appeal on November 20th, 2019.

21. In her Appeal, Plaintiff noted that she continued to have sharp, jabbing pain in her upper left leg and buttock area with pain radiating down her leg. She pointed out that she had already undergone two surgeries in an effort to relieve this pain, but these were not successful.

22. She advised Defendant that she was in constant pain and unable to sit any more than 15 minutes at a time and that she used an egg crate pad when she did sit.

23. She also advised that she takes many medications such as Nucynta 5 to 10 mg twice a day, Lidoderm patches, Oxcarbazepine 150 mg twice a day, Amrax 50 mg, Cyclobenzaprine 5 mg, and Prednisone as needed.

24. She continues to suffer from atrophy of both her foot pads and pressure on her nerve when she stands. An EMG conducted on January 16th, 2019, by Dr. Mulford, supported this diagnosis.

25. Despite the many maladies afflicting Plaintiff, on December 26, 2019, The Hartford issued its letter denying her appeal and the termination of her long-term disability benefits.

## **FIRST COUNT**

26. Plaintiff repeats and realizes each and every allegation set forth in the preceding paragraphs as there are fully set forth herein.

27. Plaintiff is totally disabled pursuant to the terms and provisions of the Policy and as such is entitled to the disability benefits provided therein.

28. Defendant's decision on September 30th, 2019, terminating Plaintiff's benefits was arbitrary and capricious and was not based on substantial evidence. Plaintiff was also

deprived of a full and fair review when she administratively appealed the termination of benefits.

29. Moreover, Defendant is acting under a clear conflict of interest within the meaning of Metropolitan Life Insurance Company v. Glenn, 128S Ct. 2343 (2008), which conflict has poisoned its decision-making in this case, to Plaintiff's great prejudice.

30. By virtue of the foregoing, Defendant has breached the terms of the Policy and has violated the requirements of the Employee Retirement Income Security Act, 29 U.S.C. §1132 (a)(1)(b), §502(a)(1)(b) and applicable regulations thereunder.

31. In denying Plaintiff benefits, Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that she had been unable to work since March 2017, due to her disabling condition and complications from her impairments and medical condition.

## SECOND COUNT

32. Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs as they were fully set forth herein.

33. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such constitutes a breach of fiduciary duty.

34. Defendant's claim handling resulted in numerous violations of 29 C.F.R. §2560.503-1 *et seq.*

35. Defendant's claim handling failed to provide Plaintiff with a full and fair review of her claim.

36. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial condition and frustrated Plaintiff from receiving a full and fair review of her claim.

37. By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of a claim pursuant to 29 C.F.R. §2560.503(1).

38. Because Defendant failed to satisfy the minimal procedure of safeguard set forth in 29 C.F.R. §2560.503 (1), Defendant's adverse benefit termination is not entitled to any judicial deference.

39. Defendant willfully failed to comply with ERISA regulations.  Plaintiff is entitled to receive, in addition to the benefits due under the plan of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

40. Defendant placed its own interest over that of Plaintiff when Defendant terminated Plaintiff's benefits under the policy on September 30th, 2019, which action constituted a breach of its fiduciary duties owed to Plaintiff under ERISA section 502(a)(3), 29 U.S.C. §1132(a)(3), and applicable regulations thereunder.

41. Among the fiduciary duties breached by Defendant are (i) failing to properly investigate Plaintiff's claim before termination of benefits; (ii) failing to consider Plaintiff's own undisputed statements in support of her claim; (iii) disregarding the opinions of Plaintiff's treating providers; (iv) failing to consider the corroborating evidence provided by

Plaintiff's medical providers; (v) failing to give proper and objective consideration to the evidence which supported Plaintiff's claim.

42. By virtue of Defendant's breach of its fiduciary duty, Plaintiff has incurred losses and harm separate and apart and in addition to right to benefits as alleged under Count One of the Complaint. Defendant's actions in this regard are wrongful, reckless, malicious, and in bad faith and reflect broad based systemic claims-handling abuse.

43. Accordingly, Plaintiff is entitled to equitable relief in the form to be determined by this Court, which adequately and fairly compensates Plaintiff and deters Defendant from future breaches, upon a full consideration of the facts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands Judgement against Defendant for the following relief:

A. Declaring Plaintiff totally disabled within the meaning of Defendant's policy, retroactive to March 17, 2017.

B. Ordering Defendant to pay and continue paying Plaintiff's benefits for total disability under the terms of said Policy as alleged in Count One, retroactive to the date of termination of those benefits.

C. Ordering appropriate equitable relief to Plaintiff, in accordance with count two of the Complaint, as this court may deem appropriate.

D. Awarding Plaintiff her costs of suit, including reasonable attorney's fees under ERISA pursuant to 29 U.S.C. §1132(g)(1), 502(g)(1), and applicable regulations thereunder.

E.  Awarding to Plaintiff interest on all unpaid benefits at the highest rate allowable by law.

F.  Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38.1, Plaintiff demands trial by jury in this action of all issues so triable.

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Date:  March 18, 2020

*s/Sean F. Byrnes*
SEAN F. BYRNES, ESQ. (5544)
BYRNES, O'HERN & HEUGLE, LLC
28 Leroy Place
Red Bank, New Jersey 07701
Attorneys for Plaintiffs
Phone: 732-219-7711
Fax:    732-219-7733
Email: sbyrnes@byrnesohern.com